IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. _____

 FLOYD EARL and RHODA EARL

      Plaintiffs,

-vs-

UNITED STATES OF AMERICA, DENVER VETERAN'S ADMINISTRATION MEDICAL CENTER and DOCTORS and EMPLOYEES and AGENTS of DENVER VETERAN'S ADMINISTRATION  MEDICAL CENTER, X,Y, and Z

      Defendants.

---

## COMPLAINT

---

PLAINTIFFS, Floyd Earl and Rhoda Earl, through their attorneys, the Law Office of Peter A.

Ricciardelli, P.C., for their Complaint against Defendant United States of America, et. al., state

and allege as follows:

## JURISDICTION

1.     This action arises under the Federal Tort Claims Act, 28 U.S.C. §2671, *et. seq.*, and this

Court has jurisdiction under the provisions of 28 U.S.C.A., §1346(b), as this is a claim against

the United States of America for money damages.

2.      Jurisdiction is also vested in this Court pursuant to 28 U.S.C. §1331, Federal Question

Jurisdiction.  Venue is proper in this Court pursuant to 28 U.S.C. §1391(e).


3.      This action also gives rise to state (Colorado) claims by the Plaintiffs against the

Defendant, based upon negligence, negligent infliction of emotional distress upon Plaintiff Floyd

Earl, outrageous conduct, and Plaintiff Rhoda Earl's loss of consortium.  Such state claims are

appropriately joined in this Court with the 28 U.S.C.A. §1346 Jurisdiction, by virtue of

supplemental and pendant jurisdiction.


4.      The state claims against Defendant are so related to the federal claims that they form part

of the same case or controversy, therefore, pursuant to 28 U.S.C. §1367(a), this Court has

supplemental jurisdiction over the state claims against the above named Defendants.


5.      Plaintiffs have complied with the requirements of the Federal Tort Claims Act, and the

Colorado Governmental Immunity Act, by giving Notice of Administrative Claim pursuant to

U.S.C.  §2675(a), and by giving written notice of a civil claim pursuant to C.R.S.  §24-10-109, in

a timely manner, and as required by law.

## PARTIES AND VENUE

6.      Plaintiffs, Floyd Earl and Rhoda Earl, reside in Denver, Colorado.  Plaintiff Floyd Earl  is

a veteran of the war in Vietnam, and as a veteran has medical care privileges at the Denver

Veteran's Administration Medical Center (the "VA Hospital").

7.      The actions complained of occurred in Denver County, Colorado, which is within the

United States District of Colorado.  This is a tort action.  Thus, venue is properly laid in this

Court.

8.      Defendant Department of Veteran's Administration Hospital and Medical Center, is

located in Denver, Colorado, and is a hospital holding itself out to the public, including the

Plaintiff Floyd Earl, as having and furnishing hospital services, including cancer screening

services.

## STATEMENT OF FACTS

9.      Defendant United States of America operates the Denver Veteran's Administration

Hospital and Medical Center, located at 1055 Clearmont St., Denver, Colorado 80220.

10.     Defendant United States of America, in operating the VA Hospital, holds itself out to the public, and to retired military personnel and their dependents, to use that degree of skill, care, diligence, and attention as is customarily used by hospitals generally in the region in the care and treatment of patients.  The VA Hospital, operated by Defendant United States of America has in its employ, among others, doctors, surgeons, nurses, interns, administrative staff, and other hospital personnel over which it exercises exclusive control and supervision, with the right to employ and discharge such employees.

11.     Plaintiff Earl Floyd has a one hundred percent disability rating based upon his exposure to Agent Orange during the Vietnam War.  During his course of treatment at the VA Hospital, he was required to perform annual screenings, which he did. These annual screenings were performed at the Denver Veterans Administration  Medical Center.  One of the objectives of the screenings was to provide early detection of cancer.

12.      Mr. Earl was informed by the VA Hospital that he would be notified of any abnormalities or elevations in his PSA levels, as this would indicate the presence of prostate cancer.

13.     In conformance with instructions, Mr. Earl presented for medical screenings in 2004 and 2005.  He was not informed by the Denver Veteran's Administration Medical Center of elevated PSA levels or any other abnormalities following each of these medical screenings.

4

14.     As part of his medical treatment, Mr. Earl underwent a biopsy of a suspect growth, which he obtained on October 25, 2005.  This biopsy later confirmed adenocarcinoma of the prostate, with an aggressive Gleason score.  Six of his twelve core biopsies were positive for cancer.  Mr. Earl's case was discussed at the VA tumor board, and a radiation consult was suggested as treatment option.

15.     Mr Earl, after receiving this information, immediately presented to Dr David Raben, M.D., an oncology specialist, on December 29, 2005.   Dr. Raben is not associated with or employed by the VA Hospital.

16.     During his visit with Dr. Raben, it was explained to Mr. Earl and his wife, Plaintiff Rhoda Earl, that the cancer was aggressive and advanced.  Furthermore, Dr Raben, by looking through Mr Earl's chart, noted that there were obvious elevated PSA levels appearing in his medical screening as early as 2004.

17.     Dr. Raben asked the Plaintiffs why Mr Earl had not sought treatment while the cancer was in its early stages.  As the cancer was now advanced, Mr. Earl was informed that hormone shots would now be necessary in order to shrink the cancer so that it could be treated with radiation.

18.     Mr. Earl began his cancer treatment in March, 2006, following his visit with Dr. Raben.

19.     The delay in treatment due to the failure of the VA Hospital's failure to inform Mr Earl of

his cancer or his elevated PSA levels, resulted in aggravation and progression of the disease, to

the detriment of Mr. Earl.

## FIRST CAUSE OF ACTION
## (NEGLIGENCE OF DEFENDANT VETERAN'S ADMINISTRATION HOSPITAL)

20.     Plaintiffs restate all previous allegations as if fully set forth herein.


21.     At the time Plaintiff Floyd  Earl presented for treatment and screenings at the Denver

Veteran's Administration Hospital, there were in effect certain policies, procedures and protocols

for screening and for treatment of  medical conditions, including cancer.


22.     In violation of these policies, procedures and protocols, Plaintiff Floyd Earl was not

informed of the existence, progression or extent of his cancer, or of his elevated  PSA levels,

which had been evident as early as 2004.


23.     In addition, at the time Floyd Earl  presented for  medical treatment at the VA Hospital,

there existed a standard of care and standard of approved medical practice which was violated by

the VA Hospital in its omission to inform Mr. Earl of the existence and progression of his cancer,

and the elevation of his PSA levels.

6

24.     This departure and deviation from the standard of approved medical practice by the VA

Hospital constitutes negligence, and as a direct result of such negligence, Plaintiffs suffered the

injuries set forth in this Complaint.


25.     As a direct result of such injuries suffered by the Plaintiffs, Plaintiffs incurred damages of

a type and in an amount to be proven at trial.


**SECOND CAUSE OF ACTION**
**(NEGLIGENT INFLICTION OF EMOTIONAL**
**DISTRESS UPON FLOYD EARL)**

26.     Plaintiffs restate all previous allegations as if fully set forth herein.


27.     The VA Hospital was negligent, as previously set forth in this Complaint.


28.     The VA Hospital's negligence in failing to diagnose the cancer, and to inform Mr. Earl of

his serious medical condition, resulted in the Plaintiff Floyd Earl's delay in treatment, and forced

him to undergo more aggressive treatment and radiation by other medical caregivers at other

medical facilities.


29.     Plaintiff Floyd Earl, as a result of the failure of the VA Hospital to properly screen or to

treat him, experienced excruciating pain, suffering and mental anguish which he would not have experienced had he been properly treated and cared for at the VA Hospital.

30.     Plaintiff Floyd Earl, because of the Veteran's Administration Hospital's omissions to inform him of medical screening results, or to treat him, also was subjected to an unreasonable risk of bodily harm which caused him to be put in fear of his own safety and fear for his life.

31.     The risk of bodily harm causing Plaintiff Floyd Earl to be put in fear of his own safety was due to the negligence of the Veteran's Administration Hospital, and has resulted in the continued emotional distress and disturbance of Plaintiff Floyd Earl, and damages and losses in an amount to be proven at trial.

## THIRD CAUSE OF ACTION
### (EXTREME AND OUTRAGEOUS CONDUCT)

32.     Plaintiffs restate all previous allegations as if fully set forth herein.

33.     Defendant VA Hospital omitted to properly screen, inform, or to treat Plaintiff Floyd Earl upon his presenting to the Hospital with known risks and predispositions for certain medical conditions, including prostate cancer.

34.     These actions, omissions and failure to properly screen, inform or to treat Plaintiff Floyd

Earl by the VA Hospital constitutes extreme and outrageous conduct pursuant to Colorado law.

35.     The Defendant engaged in these actions and omissions recklessly, and without regard for the health, safety and welfare of Plaintiff Floyd Earl, and as a result of this extreme and outrageous conduct, Plaintiff Floyd Earl has suffered injuries.  As a direct result of these injuries, Plaintiffs have suffered economic and non-economic damages in an amount to be proven at trial.

**FOURTH CAUSE OF ACTION**
**(LOSS OF CONSORTIUM)**

36.     Plaintiffs restate all previous allegations as if fully set forth herein.

37.     Plaintiff Rhoda Earl was married to Plaintiff Floyd Earl at the time Floyd Earl presented to the VA Hospital  for screening and treatment.

38.     The injuries suffered by Floyd Earl resulted in Plaintiff Rhoda Earl's loss of her rights of consortium, including, without limitation, loss of support and services provided by Floyd Earl, and loss of the love, companionship, affection, society, sexual relations, comfort and solace of Plaintiff Floyd Earl.

39.     As a result of this loss of consortium, Plaintiff Rhoda Earl has been damaged in an

amount to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against Defendant VA Hospital, as follows:

A.     For damages based upon the negligence of the VA Hospital, as set forth in this Complaint;

B.     For damages against the VA Hospital based upon outrageous conduct, negligent infliction of emotional distress, and loss of consortium;

C.     For attorneys' fees incurred and for the costs of this action, including expert witness fees;

D.     For pre-judgment and post-judgment interest, as allowed by law;

E.     For such other and further relief as this Court deems fair, just and equitable.

F.     Plaintiffs reserve the right to claim punitive damages, if the facts so permit following reasonable discovery in this case.

## JURY DEMAND

PLAINTIFFS DEMAND TRIAL TO A JURY.

Respectfully submitted this 6th day of March, 2007.

**LAW OFFICE OF PETER A. RICCIARDELLI, P.C.**

s/ Peter A. Ricciardelli
Peter A. Ricciardelli
126 West Colorado Avenue, Suite 206
P.O. Box 32
Telluride, CO 81435
(970) 728-3808 ph.     (970) 728-3832 fax
peter@tridelaw.com

ATTORNEYS FOR PLAINTIFFS

Plaintiffs' address:

Floyd Earl and Rhoda Earl
14791 E. Baltic Place
Aurora, CO 80014