IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00476-MJW-CBS

FLOYD EARL and
RHODA EARL,

      Plainfiffs,

v.

UNITED STATES OF AMERICA,

      Defendant.

**ORDER REGARDING DEFENDANT'S MOTION TO DISMISS CLAIMS TWO AND THREE (DOCKET NO. 22)**

**MICHAEL J. WATANABE**
**United States Magistrate Judge**

      This matter is before the court upon consent of the parties pursuant to 28 U.S.C. § 636(c) to handle all dispositive matters in this action, including a trial and to order the entry of a final judgment.  (Docket No. 14).

      Now before the court is the Defendant's Motion to Dismiss Claims Two and Three (docket no. 22).  The court has reviewed the motion and response (docket no. 31).  In addition, the court has taken judicial notice of the court's file and has considered applicable Federal Rules of Civil Procedure and case law.  The court now being fully informed makes the following findings of fact, conclusions of law, and order.

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

      Defendant seeks an order from this court dismissing Plaintiffs' second claim for

2

negligent infliction of emotional distress upon Plaintiff Floyd Earl and Plaintiffs' third claim for Extreme and Outrageous Conduct.  In paragraph 6 on page 2 of Plaintiffs' response (docket no. 31), Plaintiffs have withdrawn their claim for Extreme and Outrageous Conduct.  Accordingly, the only claim that needs to be further addressed by this court at this time is Plaintiffs' second claim for negligent infliction of emotional distress upon Plaintiff Floyd Earl.

A motion to dismiss under Fed. R. Civ. P. 12(b)(1) attacks the existence of jurisdiction rather than the allegations of the complaint.  Dismissal of an action, or claim, is appropriate when the district court lacks subject matter jurisdiction over the action or the claim.  The party invoking federal jurisdiction bears the burden of proof as to jurisdiction.  Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992); Sac & Fox Nation v. Cuomo, 193 F.3d 1162, 1165 (10th Cir. 1999) (citations and quotes omitted).  Moreover, the court may consider matters outside the pleadings without transforming the motion into one for summary judgment.  Holt v. United States, 46 F.3d 1000, 1003 (10th Cir. 1995).  Where a party challenges the facts upon which subject matter jurisdiction depends, "a district court may not presume the truthfulness of the complaint's factual allegations . .. [and] has wide discretion to allow affidavits, other documents, and [may even hold] a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1)."  Id. (citations omitted).

Under the Federal Tort Claims Act ("FTCA"), filing an administrative tort claim with the appropriate federal agency is a prerequisite to bringing a civil action for damages for the negligence or wrongful act of any United States employee.  28 U.S.C.

3

§ 2675(a). Moreover, an administrative claim fails to sufficiently describe a possible cause of an injury when it is not mentioned in the claim. Kikumura v. Osagie, 461 F.3d 1269, 1302 (10th Cir. 2006).

Here, the court finds that the V.A. was not placed on notice by Plaintiffs of their intention to bring claim two for negligent infliction of emotional distress upon Plaintiff Floyd Earl or claim three for Extreme and Outrageous Conduct. See exhibits B and C attached to the subject motion (docket no. 22). The FTCA requires such notice of each cause of action (i.e., claim) in the administrative claim. Bethel v. United States, No. 05-cv-01336, _ F.Supp. 2d __, 2007 WL 2001654, at *3 (D. Colo. July 10, 2007) (dismissing additional claim brought by plaintiff for failure to provide sufficient notice). Accordingly, this court concludes that Plaintiffs have failed to exhaust their administrative remedies as to claims two and three.

## ORDER

**WHEREFORE**, based upon these findings of fact and conclusions of law, this court **ORDERS**:

1. That Defendant's Motion to Dismiss Claims Two and Three (docket no. 22) is **GRANTED**;

2. That Plaintiffs' second claim for negligent infliction of emotional distress upon Plaintiff Floyd Earl and Plaintiffs' third claim for Extreme and Outrageous Conduct are both DISMISSED;

3. That the United States of America is the only proper defendant in this lawsuit, and the caption of this case shall be corrected to

4

reflect accordingly; and,

4. That each party shall pay their own attorney fees and costs for this motion.

Done this 4th day of September 2007.

BY THE COURT

s/ Michael J. Watanabe
MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE